Haight, J.
ThisNction was brought to recover damages for the alleged negligent killing of plaintiff’s intestate, whilst crossing the defendant’s road upon the highway, and also for the value of a horse, wagon and harness, destroyed at the same time. At the conclusion of the' trial, defendant’s counsel requested the court to charge 'the jury that the fact that the gates were not *437 down, was not snob an assurance of safety to tbe intestate as obviated the necessity of his using his eyes and ears, to ascertain whether the train or the engine was approaching, and if, notwithstanding the condition of the gates, he might have seen or heard the engine if he had looked or listened, and as he did not the plaintiff cannot recover. The court refused to charge except as it had already charged on that subject and the defendant duly excepted. The court, in its charge, had not covered the proposition embraced in the request, so that if the request was proper, it should have been granted.
Undoubtedly the first part of the request correctly stated the rule of law covering the case; but the latter clause, in effect, took from the jury the question as to whether or not the intestate looked or listened before going upon the defendant’s tracks, and was too broad, and for this reason was properly refused.
The defendant’s counsel also requested the court to charge the jury that the only person dependant upon the support of the deceased was one whom he was not legally bound to support and, therefore, there could be no recovery. This was refused and exception taken. The right to recover under the statute does not depend upon the right of support, or upon the deceased’s being legally bound to support. Consequently this request was properly refused.
The' court charged the jury that if the defendant was guilty of negligence, and the deceased was not guilty of contributory negligence, that then the jury should find a verdict for the plaintiff for the value of the horse, harness and buggy, and also for such sum as the evidence establishes, that the deceased would have benefited the persons entitled had he lived; that “ There was no person dependant upon the person of the deceased except the old lady. The other relatives were not shown to have been supported by the deceased in his lifetime, and you see the damages in an action like this are for the support of those people who are relatives within the statute who would have continued to receive support from him in ease he had lived, and therefore in tins case it would appear to be confined to the old lady. She appears to have been about seventy years of age, and that support she would of course have derived from him during his lifetime. It was for that purpose that evidence has been produced for the purpose of showing how long he would have lived in a natural way; and these Northampton tables have been intro-, duced. At the present moment the court will not take up the time of the jury in considering these tables. It is enough to show that they would indicate that the proper fife of Mr. Foster would be about five years. The jury may say: “ there is this old lady, the same rule shows that she would live about the same length of time. What would be a reasonable amount required to contribute to her and her wants provided he had lived.” The *438 defendant’s counsel “ excepted .to that portion of the charge that instructed the jury that the plaintiff was entitled to recover what the old lady was entitled to receive for the length of time of her probability of life of the old lady.”
■ It appeared from the evidence that the deceased was about seventy years of age; that he left him surviving a sister and several nieces, one of whom resided with him, and was about seventy years of age. It was this niece that was called the old lady. Under the Code, the damages recovered are for the benefit of the next of kin, and when they are collected, they must be distributed by the administrator as if they were unbequeathed assets left in his hands. Code, § 1908.
The action therefore could not be maintained for the sole benefit of the old lady, as she is called, for the sister and other nieces of the deceased under the statute would be entitled to their distributive shares. And, again, the damages awarded are to be a fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the person or persons for whose benefit the action is brought. Code, § 1904.
The action was brought for the benefit of the next of kin. The damages awarded must be for the pecuniary injuries resulting to them from the decedent’s death. The -question was not one of support. The deceased was under no legal obligation to support “ the old lady,” his niece. He might have continued to support her and he might not. If he had continued to support her it might have been taken out of the capital of his estate, thus reducing the amount that would be finally distributed among his next of kin. It was undoubtedly competent to give evidence showing the relation of the parties, the manner in which he had lived, the support, etc., that had been furnished by the deceased, together with his age, health and condition, and ability to earn and increase his capital and benefit his next of kin: and then, from this evidence, it would be the duty of the jury to determine what would be a fair and just compensation for the pecuniary injuries resulting from his death. But it is contended that the exception taken to this branch of the charge is not sufficiently explicit. It is true that the matter excepted to is not very clearly expressed, but we think the idea is apparent. That portion of the charge was excepted to that instructed the jury that the plaintiff was entitled to recover Avhat the old lady was entitled to receive for the length of time of her probability of life. ' In other words, the exception was to the instruction that there could be a recovery of that which the old lady was entitled to receive during her probable life. It appeared from the charge of the court that her probable life as shown from the Northampton tables, would be about five years; that Mr. Foster’s would be the same. It further appeared from the charge that she had received her support from him, and that *439 “ That support she would of course have derived from him during his lifetime.” In effect charging that they would each probably live five years, and that Mr. Foster would have supported her during that time had he lived, and that the jury were to determine what would be a reasonable amount required to contribute to her wants during that time. We are consequently inclined to the opinion that the exception was broad enough to cover the erroneous charge in this particular.
Inasmuch as a new trial must be had, we have not thought it advisable to discuss the facts or express any opinion in reference thereto.
Upon the argument the appellant’s counsel requested the court not to consider the legal propositions presented by the charge and the requests to charge; but when questioned by the court he refused to waive these questions, asserting that in case the court refused to grant a new trial upon the motion for nonsuit that then the appellant could present these questions on an appeal to the court of appeals. We cannot acquiesce in or sanction such practice. The question upon which the appellant relies for error should be presented and considered in the general term and not reserved for the court of appeals.
Judgment and order should be reversed and new trial ordered ; costs to abide event.
So ordered.
Bap„kee and Bradley, JJ., concur.
Smith, P. J., taking no part.